NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

|  |  |  |
|---|---|---|
| K.P., | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Case No. 2D16-3652 |
| | ) | |
| STATE OF FLORIDA, | ) | |
| | ) | |
| Appellee. | ) | |
| | ) | |

Opinion filed November 17, 2017.

Appeal from the Circuit Court for
Hillsborough County; Manual A. Lopez,
Judge.

Howard L. Dimmig, II, Public Defender, and
Robert D. Rosen, Assistant Public Defender,
Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Kiersten E. Jensen,
Assistant Attorney General, Tampa, for
Appellee.


PER CURIAM.

K.P. appeals from the disposition order withholding adjudication but

finding him guilty of petit theft and burglary of a conveyance.  The State's case rested

upon the inference in section 812.022, Florida Statutes (2015), that "proof of possession

of property recently stolen, unless satisfactorily explained, gives rise to an inference that

the person in possession of the property knew or should have known that the property had been stolen." See § 812.022(2). Because K.P. "satisfactorily explained" his possession of the stolen item with unrefuted testimony, the trial court erred in denying the motion for judgment of dismissal. We therefore reverse and remand for entry of a judgment of dismissal.

NORTHCUTT, BLACK, and SALARIO, JJ., Concur.